# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**JAMES KEITH JOHNSON**                                           **MOVANT**

**V.**                                                                               **NO.: 2:95CR49-NBB**

**UNITED STATES OF AMERICA**                                 **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Movant James Keith Johnson has filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The government has responded to the motion. Having considered the pleadings and the record, including the relevant parts of the underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and the instant motion will be denied.

### Relevant History

James Keith Johnson, a/k/a Thunder Eagle Ghost Dancer[2], robbed two banks in Florida on consecutive days in March, 1995. In each robbery, bank employees put dye packs in the stolen cash, which exploded and stained the stolen moneys red. On August 31, 1995, a federal

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

[2] Johnson, a Native American, changed his name in 1991 to "Thunder Eagle Ghost Dancer" and stated at his trial that he wanted to be referred to by that name. *See* Presentence Investigation Report ¶88. However, as he has filed the instant motion under his birth name, the Court retains the use of same.

jury in Florida convicted Johnson of two counts of armed bank robbery and two counts of possession of a firearm in furtherance of a violent felony. Johnson was sentenced on November 20, 1995, to a term of imprisonment of 327 months for each armed bank robbery and two consecutive 60-month terms for the possession of a firearm charges. The sentence was later reduced to a total sentence of 420 months.

Between the bank robberies and Johnson's arrest for those robberies, he traveled to Tunica County, Mississippi, where he laundered the red-dyed currency by placing the stained money in a casino gaming machine bill validator in order to receive casino tokens, which he then exchanged for clean, unstained bills. A Northern District of Mississippi grand jury indicted Johnson on charges of money laundering and transporting stolen money across state lines. Following a June, 1996 jury trial, Johnson was found guilty on each charge. The United States Probation Service for the Northern District of Mississippi prepared a Presentence Investigation Report ("PSR") and determined that Johnson had a Criminal History Category of VI based on 24 criminal history points. Of particular relevance to this case is the fact that Johnson's criminal history included two 1983 attempted armed bank robbery convictions out of the Circuit Court of Cullman County, Alabama, for which Johnson was assigned a total of three criminal history points. With an offense level of 20 for the money laundering offense, Johnson's United States Sentencing Guidelines range was 70-87 months. Johnson did not object to the PSR or the Guidelines calculations.

On August 27, 1996, this Court sentenced Johnson to three concurrent 60-month terms of incarceration but ordered the terms to be served consecutively to Johnson's federal Florida sentence. Doc. #59. On its own motion, the Court departed from the Guidelines range, finding

2

that because Johnson was "currently serving 447 months. . . in the Northern District of Florida [,a] sentence of 60 months imprisonment in the instant case, to run consecutively with the sentence imposed in Florida, is just a punishment for the overall scheme committed by the defendant." *See* Judgment, "Additional Reasons for Departure from the Guideline Range" at 8.

Johnson's Florida and Mississippi convictions were affirmed on appeal. *See* Docs. #60 and #63; Cause No. 5:95CR05016 (N.D. Fla.), Docs. #45 and #106. Johnson filed a §2255 motion and a motion to reduce sentence in the Northern District of Florida, both of which were denied. *See* Cause No. 5:95CR05016 (N.D. Fla.), Docs. #109 and #163. Johnson appealed both denials but obtained no relief on either motion. *See id*, Docs. #135, #165, #161, and #178.

According to Johnson, he learned in 2015 that attempted robbery has not been a crime in Alabama since 1982. *See* Doc. #64 at 5. Johnson petitioned the Circuit Court of Cullman County, Alabama for vacation of his 1983 attempted robbery convictions. His petition was granted and the convictions vacated on November 13, 2015, Doc. #64-1, and December 28, 2015, Doc. #64-2.[3] Johnson filed the instant motion to vacate on or about September 27, 2016, and he filed a similar motion in the Northern District of Florida. Cause No. 5:95CR05016 (N.D. Fla.), Doc. #183. In the instant motion, Johnson argues that since an Alabama court has vacated his 1983 state-court convictions for attempted robbery, his sentence was based on an improperly-calculated federal criminal history.

## Legal Standard

After a defendant has been convicted and exhausted his appeal rights, a court may

---

[3] In both cases, Johnson was charged with robbery but pleaded to the lesser charge of attempted robbery. PSR at ¶¶ 64-67.

presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. Collateral attack limits a defendant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## Timeliness

A motion filed under § 2255 must comply with the statute's one-year period of limitation, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

While Johnson filed an appeal of this Court's judgment, he did not file a petition for certiorari with the United States Supreme Court after his appeal was denied. Therefore, his conviction became "final" for purposes of § 2255 "when the time expire[d] for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Johnson's conviction became final in this case on September 15, 1998 — one year and 90 days after the Fifth Circuit affirmed his convictions on appeal on June 17, 1997 (June 17, 1997 plus 455 days = September 15, 1998). *See* S. Ct. R. 13 (allowing a certiorari petition to be filed within 90 days after judgment); *United States v. Johnson*, 119 F.3d 3, 1997 WL 368168 (5th Cir. June 17, 1997).

Johnson essentially claims, however, that § 2255(f)(4) should govern this Court's inquiry as to the timeliness of his motion to vacate, as he did not learn that his Alabama convictions were subject to attack until 2015. The United States Supreme Court has held that vacatur of a prior sentence used to enhance a sentence can start the one-year limitations period under § 2255(f) if the petitioner has shown due diligence in seeking the order. *Johnson v. United States*, 544 U.S. 295, 302 (2005) ("*Robert Johnson*").

The government argues that Johnson has not shown due diligence in seeking to have his 1983 Alabama attempted armed robbery convictions vacated, as the decision stating that attempted robbery was not a criminal act in Alabama was clear by the 1982 decision *Petty v. State*, 414 So. 2d 182, 183 (Ala. Cr.App. 1982), which was cited by Johnson in his § 2255 motion. The government argues that Johnson reached a plea agreement on the two 1983

5

attempted robbery guilty pleas in February 1984, nearly 21 months after the *Petty* decision, but that he waited 21 years to seek vacatur of the convictions. *See, e.g.*, Docs. #64-1 and #64-2.

*Robert Johnson* rejected a blanket rule that notice of the order vacating the predicate conviction triggers the one-year limitation period absent due diligence in seeking such an order. *See Robert Johnson*, 544 U.S. at 311. The Court found that "diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence," and that "the date of judgment [is] the moment to activate due diligence." *Id*. at 308-09. Applying this standard, the Court announced that Robert Johnson had one year from the date judgment was entered in his federal case to act diligently to obtain the state-court order vacating his predicate conviction, and had he done so, the one-year limitation period would have run from the date he received notice of the vacatur. *Id*. at 310.

In this case, James Keith Johnson did not question the validity of his state-court convictions until early 2015, and therefore, he did not act diligently to obtain vacatur of his convictions. Therefore, he fails to meet the due diligence portion of § 2255(f)(4), and the petition is untimely.

**Criminal History Category**

The government also argues that Johnson's 1983 attempted robbery convictions had little impact on his sentence in this case, as Johnson amassed 24 criminal history points, well in excess of the 13 needed to reach the maximum Criminal History Category of VI. Therefore, it argues, subtracting the criminal history points that were added for the 1983 Alabama attempted robbery convictions would not lower Johnson's Criminal History Category.

In this case, the United States Probation for the Northern District of Mississippi assigned

6

Johnson 3 criminal history points for one of the 1983 convictions and no criminal history points for the other conviction.[4] PSR at ¶¶64-67. Johnson received 3 points for the 1983 attempted robbery convictions, another 2 points because the instant crime of conviction occurred when Johnson was under parole supervision for the attempted robbery convictions, and 1 point because he committed the instant crime within two years of release from serving his sentence for the 1983 attempted robbery convictions. *See* PSR at ¶¶ 64-67, ¶72, and ¶ 73. Therefore, if all the criminal history points associated with Johnson's Alabama convictions are subtracted, Johnson still has 18 criminal history points, which is well in excess of the 13 points needed to be categorized as having a Criminal History Category of VI. *See* Sentencing Table, Ch. 5, Part A. Therefore, with Johnson's base offense level of 20, the Guideline range remains the same at 70-87 months absent the points associated with Johnson's 1983 convictions.[5] Accordingly, Johnson has suffered no prejudice as to his federal sentence in this case as a result of the vacatur of his 1983 Alabama attempted robbery convictions.

## Conclusion

For the reasons set forth herein, the Court **ORDERS** that Johnson's § 2255 motion [64] is **DENIED**. A separate final judgment will enter today.

**SO ORDERED** this 13th day of December, 2016.

/s/ Neal Biggers
**NEAL B. BIGGERS**
**UNITED STATES DISTRICT JUDGE**

---

[4] Johnson was sentenced to life imprisonment on both Alabama convictions. PSR ¶¶ 64-67.

[5] Additionally, this Court departed downward from the Guidelines range because of Johnson's lengthy bank robbery sentence imposed in the Northern District of Florida.